IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARVEN MALCOM, JR., | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3243 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON[1], | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 22, the Motion for Partial Summary Judgment on Ground One of the Petition for Writ of Habeas Corpus, filed by the petitioner, Arven Malcom, Jr.; (2) filing no. 26, the respondent's Motion for Summary Judgment; (3) filing no. 29, the respondent's Motion for Extension of Time; (4) filing no. 32, the petitioner's Motion for Leave to Amend the Motion for Partial Summary Judgment on Ground One; (5) filing no. 34, the petitioner's Amended Motion for Partial Summary Judgment on Ground One; and (6) filing no. 37, the petitioner's Motion for Judgment on the Pleadings as to Ground One. As a preliminary matter, filing nos. 29 and 32 are granted nunc pro tunc.

**Statute of Limitations**

The facts and history of the petitioner's case are set forth in State v. Malcom, 583 N.W.2d 45 (Neb. App. 1998) (No. A-97-798), *review overruled* (Sep. 1, 1998) ("Malcom I") and State v. Malcom, 675 N.W.2d 728 (Neb. App. 2004) (No. A-02-621), *review overruled* (Jul. 8, 2004) ("Malcom II"). The petitioner was originally sentenced on January 7, 1994 for his conviction of first degree sexual assault of a minor. No direct appeal was filed. Malcom I, 583 N.W.2d at 47. On February 19, 1997, the petitioner filed an application for postconviction relief, asserting ineffective assistance of counsel for his attorney's failure to prosecute an appeal and for other reasons associated with the trial. Id. On April 29, 1997, the district court granted postconviction relief. The court vacated the original sentence and ordered a resentencing hearing, and thus, a new opportunity for appeal.[2]

---

[1]The court, sua sponte, substitutes Robert Houston as the respondent, and the Clerk of Court shall modify the court's records accordingly. The plaintiff is in the custody of the Nebraska Department of Correctional Services ("DCS"), and Robert Houston has replaced the former respondent, Harold W. Clarke, as the Director of DCS.

[2]In Nebraska, the date of an appealable "judgment" in a criminal case is the date on which the defendant is sentenced. State v. Bjorklund, 604 N.W.2d 169,191 (Neb.), cert.

1

Malcom I is the decision of the Nebraska Court of Appeals on the petitioner's direct appeal from his conviction and resentencing.  The petitioner's first sentence became a nullity when the postconviction court vacated it; the Nebraska Court of Appeals affirmed Malcom I, and the Nebraska Supreme Court denied further review.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

State prisoners, like the petitioner, whose convictions became final before enactment of the AEDPA, received a one-year grace period from the AEDPA's effective date to file their federal habeas corpus petitions in federal court. The one-year grace period began on April 24, 1996 and, unless extended or tolled in a particular case, expired on April 24, 1997.

28 U.S.C. § 2244(d)(2) directs that the one-year statute of limitations shall be tolled while a habeas corpus petitioner exhausts any available state postconviction remedies.  See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

The respondent contends that the petitioner's conviction became final prior to the enactment of the AEDPA, when the petitioner failed to appeal the original judgment.  Thus, the respondent argues, the statute of limitations began to run on April 24, 1996 because of the AEDPA grace period.  The statute was tolled from February 19, 1997, when the petitioner filed a motion for postconviction relief, until September 1, 1998, when the Nebraska Supreme Court denied further review in Malcom I.  The statute was tolled for a second time on March 10, 1999, when the petitioner filed another motion for postconviction relief which concluded on July 8, 2004, with the Nebraska Supreme Court's denial of further review in Malcom II.  Thus, according to the respondent, the petitioner's limitations period expired in late 1998 or early 1999.  The respondent cites Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004), for the principle that the petitioner's new direct appeal did not extend the period of direct review before the statute of limitations began to run.

I disagree.  The court in Malcom I affirmed a decision *vacating*, not amending, the prior judgment. That decision afforded the petitioner a new direct review of his original conviction and the (freshly imposed) sentence.  The petitioner's appeal in Malcom I is similar to the "appeal out of time" granted in Orange v. Calbone, 318 F.3d 1167 (10th Cir. 2003), in which the out-of-time appeal simply replaced the appeal which the petitioner had been denied and placed him in the same position as if his attorney had timely filed a direct appeal from the original conviction and sentence.   "[Only in the event that an application

---

denied, 531 U.S. 843 (2000).

to file a direct appeal out of time is granted by the Oklahoma courts will the out-of-time appeal be treated as part of the 'direct review' process for purposes of § 2244(d)(1)(A).... [P]etitioner's appeal out of time is part of the 'direct review' process for purposes of § 2244(d)(1)(A)...." Id. at 1173.

In this case, the petitioner's direct appeals ended on September 1, 1998, when the Nebraska Supreme Court denied further review in Malcom I. The judgment of conviction did not become final, for purposes of the AEDPA statute of limitations, until 90 days thereafter when the period expired in which the petitioner could have applied to the United States Supreme Court for a writ of certiorari. See Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001): "It is settled that 'the conclusion of direct review' includes the 90 days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." Therefore, the conviction became final on November 30, 1998, and the statute of limitations began to run the next day, on December 1, 1998.

The AEDPA statute of limitations ran for 98 days from December 1, 1998 until the petitioner filed a postconviction action on March 10, 1999. The postconviction proceedings tolled the statute of limitations until the Nebraska Supreme Court denied further review in Malcom II on July 8, 2004. Five days later, the petitioner filed his habeas corpus petition in this court. Only approximately 103 days of the statute of limitations had elapsed.

Therefore, insofar as the petitioner contends in his pending motions (filing nos. 22, 34 and 37) that his petition is timely, filing nos. 22, 34 and 37 are sustained in part. For the same reasons, the respondent's Motion for Summary Judgment (filing no. 26) is denied.

### Procedural Default

In filing nos. 22, 34 and 37, the petitioner also seeks partial summary judgment negating the affirmative defense of procedural default as to Ground I of the habeas petition. However, the respondent does not allege that any of the petitioner's claims is procedurally defaulted. On the contrary, in his Answer (filing no. 16), the respondent states that all of the petitioner's claims have been exhausted by fair presentation to the Nebraska appellate courts. Therefore, although unnecessary, I sustain those parts of filing nos. 22, 34 and 37 in which the petitioner argues that Ground I of the petition has been exhausted and is not procedurally defaulted.

### Ineffective Assistance of Counsel

The petitioner alleges the following habeas corpus claims (summarized):

Ground 1. Trial counsel entirely failed to function as the petitioner's advocate, so the standard of presumed prejudice in United States v. Cronic, 466 U.S. 648 (1984), applies to the claims of ineffective assistance of trial counsel, rather than the standard prescribed in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing of actual prejudice;

3

>Ground 2. The petitioner was denied his right to conflict-free representation of trial counsel;
>
>Ground 3. The petitioner received ineffective assistance of appellate counsel on direct review in 1997-98; and
>
>Ground 4. The petitioner received ineffective assistance of trial counsel by virtue of his attorneys' failure to investigate and present at trial the only theory of the defense which would have been plausible.

In filing nos. 22, 34 and 37, the petitioner seeks partial summary judgment and judgment on the pleadings on his first claim (Ground I) relating to whether the presumed prejudice discussed in United States v. Cronic should apply to his claims of ineffective assistance of counsel, as opposed to the actual prejudice required by Strickland v. Washington. However, the petitioner has presented no logical reason why this case should be decided piecemeal in successive deliberations on the petitioner's several claims. Therefore, except as granted in part above, filing nos. 22, 34 and 37 are denied as premature. Instead, a progression order for briefs on the merits of all of the petitioner's claims is set forth at the end of this Memorandum and Order.

## Standard of Review

Consideration of the petitioner's § 2254 claims is circumscribed by 28 U.S.C. § 2254(d), which limits this court's review of habeas corpus claims adjudicated on the merits in the state courts 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**28 U.S.C. § 2254(d)(1)**

In Kinder v. Bowersox, 272 F.3d 532,537-38 (8th Cir. 2001), the Eighth Circuit explained 28 U.S.C. § 2254(d)(1), *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

>Our first step, then, in evaluating a challenge to the state court's application

4

of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

Id. at 73 (citations omitted).

Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

**28 U.S.C. § 2254(d)(2)**

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination

5

will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the petitioner's claims, (1) produced "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) based its decision on an unreasonable factual determination in light of the evidence. The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

**Briefs**

Accordingly, the parties shall file briefs addressing the merits of each of the petitioner's claims, in light of the deferential standard of review required by 28 U.S.C. § 2254(d) and (e).

IT IS THEREFORE ORDERED:

1. That by October 10, 2005, the petitioner shall file a brief in support of all of his § 2254 claims; in his brief, the petitioner may incorporate by reference his previously filed briefs to the extent he wishes to do so;

2. That by November 10, 2005, the respondent shall file a brief in response to the petitioner's brief and shall address all of the petitioner's claims;

3. That by November 30, 2005, the petitioner may, but is not required to, file a reply brief;

4. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs;

5. That filing nos. 22, 34 and 37, the petitioner's pending Motions for Partial Summary Judgment and for Judgment on the Pleadings regarding Ground One of the habeas petition, are granted in part and denied in part as follows:

  a. Filing nos. 22, 34 and 37 are granted insofar as the petition is timely; the petitioner's claims are exhausted, and no claims are procedurally defaulted;

  b. In all other respects, filing nos. 22, 34 and 37 are denied at this time as premature;

      6.      That filing no. 26, the respondent's Motion for Summary Judgment, is denied;

      7.      That filing no. 29, the respondent's Motion for Extension of Time, is granted nunc pro tunc;

      8.      That filing no. 32, the petitioner's Motion for Leave to Amend the Motion for Partial Summary Judgment on Ground One, is granted nunc pro tunc; and

      9.      That Robert Houston is substituted as the respondent, and the Clerk of Court shall modify the court's records accordingly.

DATED this 8th day of September, 2005.

                            BY THE COURT:

                            s/ Joseph F. Bataillon
                            JOSEPH F. BATAILLON
                            Chief District Judge